Colcook J,
Every application to the court for leave to enter up judgment nunc'jpro tunc, after the year and day, is an application to the discretion oí the court} and the court will be satisfied,,
1st. That there was some good reason for the delay; and,
2nd. That the rights of others shall not be affected, before they grant the leave.
In the case before us, no satisfactory reason is shewn why the plaintiff did not proceed.
The defendant lived fifteen months after the confession; whiph embraced two terms; arid twb years and some months after his death were suffered to elapse before any application is made.
The court will lend its aid to advance the purposes of justice, where the party applying has used due diligence; but but it is never disposed to assist one out of a difficulty which is the result of their negligence.
But this is not all; the plaintiff not only asks the court to secure to him those rights which he may have lost by his own negligence, butto give him a preference over others who may have been diligent in the pursuit of their rights, which they would not do under any circumstances.
The counsel for the plaintiff laid down the position that a confession, of judgment was-final and does notábate; and referred to some authorities which support the position; but it is only in such cases and those-provided for by the statute of Charles 2d; that such, an application as the present one cán be made. (a.) The general rule of law is that the death of a
*25 The general rule of law is that the death of a sole plaintiff &r defendant, before final judgment, abates the suit (2 Tidd, 840-6.)
Again: I think in a case like therpresent the court would not suffer a judgment to be entered up after the death of the defendant. The proceeding is uncertain and wholly irregular. It is not like the case of a cognovit actionem regularly entered on the record. The defendant on the back of a writ confessed judgment for so much on the case. What case? Was it on a note or an account? and what note or account? How would the record be made up. It.is manifest that in such case the plaintiff might use any cause of action of that amount. What could there be which would prevent the plaintiff from making out an account for the sum for which judgment was confessed and then suing the executor or administrator on the note, on which it was intended to confess the judgment.
On the whole, there has been so much negligence and so much irregularity in the proceeding, that the court feel constrained to grant the motion, for the reversal of thejudgment below.
Elmore & Martin for the motion,
Clarice contra.

 17 Car. 2, Ch. 8. (Tidd, Prac. 847.) which statute enacts, that where either party dies between verdict and judgment “that his death shad not be alleged for error, so as thejudguient be entered within two terms after the verdict.”'